GIORDANO, HALLERAN & CIESLA, P.C.
Christopher J. Marino
125 Half Mile Road, Suite 300
Red Bank, NJ 07701-6777
Telephone:  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
cmarino@ghclaw.com

*Attorneys for Plaintiff,*
*E. & J. Gallo Winery*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>              Plaintiff.<br><br>v.<br><br>THREE SIXTY FIVE WINES LLC and<br>CLASSIC WINES, INC.,<br><br>              Defendants. | Case No.    2:24cv249<br><br>**COMPLAINT FOR TRADEMARK (TRADE DRESS) INFRINGEMENT, UNFAIR COMPETITION, AND BREACH OF CONTRACT AND LOCAL RULE 11.2 CERTIFICATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff E. & J. Gallo Winery, a California corporation with a principal place of business at 600 Yosemite Blvd., Modesto, California 95354 ("Plaintiff" or "Gallo"), by and through its undersigned counsel, brings this Complaint against Defendant Three Sixty Five Wines LLC, a New Jersey limited liability company with a principal place of business at 975 Juniper Way, Mahwah, NJ 07430 ("Three Sixty Five Wines"), and Defendant Classic Wines, Inc., a Connecticut corporation with a principal place of business at 52 Poplar Street, Stamford, CT 06907 ("Classic Wines," and together with Three Sixty Five Wines, "Defendants").

## NATURE OF THE ACTION

1.      Defendants are infringing Plaintiff's federally-registered, distinctive, and incontestable trade dress shown below at left and right—which Plaintiff has used for many years to package, promote, distribute and sell the best-selling Prosecco in the United States—by marketing the lesser-known and competing Prosecco in the trade dress shown below at center.

  

| Plaintiff's Trade Dress U.S. Registration No. 4,849,062 | The Accused Packaging | Plaintiff's Trade Dress U.S. Registration No. 4,887,846 |

1

Defendant Classic Wines previously agreed to permanently cease and desist from its infringing conduct in deference to Gallo's rights and claims, but it has since reneged on that agreement and continues to engage in that unlawful conduct.

2.      This action seeks injunctive relief, damages and other monetary relief against Defendants for trademark (trade dress) infringement, unfair competition, related state and common law claims, and breach of contract.

## THE PARTIES

3.      Plaintiff E. & J. Gallo Winery is a California corporation with a principal place of business at 600 Yosemite Blvd., Modesto, California 95354.

4.      On information and belief, Defendant Three Sixty Five Wines LLC is a New Jersey limited liability company with a principal place of business at 975 Juniper Way, Mahwah, NJ 07430.

5.      On information and belief, Defendant Classic Wines, Inc. is a Connecticut corporation with a principal place of business at 52 Poplar Street, Stamford, CT 06907.

## JURISDICTION AND VENUE

6.      This action arises under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); N.J. Stat. Ann. § 56:4-1 *et seq.*; and New Jersey common law.

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338, as well as 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Defendant Three Sixty Five Wines LLC, among other reasons, because it is headquartered and legally organized in New Jersey.

9.  This Court has personal jurisdiction over Classic Wines, among other reasons, because it distributes the Accused Packaging, described below, in New Jersey.

10.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred here. In the alternative, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to personal jurisdiction here.

## GENERAL ALLEGATIONS

### I.    Plaintiff's Registration No. 4,849,062

11.  Gallo is the owner of United States Registration No. 4,849,062 (attached as **Exhibit A**), which covers the trade dress shown on the first page of this Complaint at left in connection with "alcoholic beverages except beers."

12.  Registration No. 4,849,062 issued from the United States Patent and Trademark Office on November 10, 2015, having matured from an application filed on August 18, 2014. That registration has become incontestable under 15 U.S.C. § 1065. The trade dress described therein consists of "a three-dimensional configuration of a green bottle with a silver cover on the neck and cap of the bottle. At the base of the neck is a light blue neck label, and there is a light blue square bottle label positioned on the lower midsection of the bottle."  That trade dress is distinctive and not functional.

### II.    Plaintiff's Registration No. 4,887,846

13.  Gallo also is the owner of United States Registration No. 4,887,846 (attached as **Exhibit B**), which covers the trade dress shown at right on the first page of this Complaint in connection with "alcoholic beverages except beers."

14.     Registration No. 4,887,846 issued from the United States Patent and Trademark Office on January 19, 2016, having matured from an application filed on November 13, 2014. That registration has become incontestable under 15 U.S.C. § 1065. The trade dress described therein consists of "a three-dimensional configuration of a green bottle having a silver cover on the neck of the bottle, at the base of which is a light blue neck label, on which appears, in silver ink, a crown and curlicues on both sides of the crown, along with a double-lined border also in silver ink along the top and bottom edges of the neck label; and, a light blue square bottle label which also contains the crown and curlicues on both sides of the crown, along with a double-lined border around all the edges of the label, all in silver ink." That trade dress is distinctive and not functional.

15.     The trade dress covered by Registration No. 4,849,062 and Registration No. 4,887,846 are collectively referenced herein as the "Protected Trade Dress."

**III.     Plaintiff's Use of the Protected Trade Dress**

16.     Gallo has continuously used the Protected Trade Dress in connection with LA MARCA® Prosecco since at least as early as August 31, 2009.

17.     LA MARCA® Prosecco has been the best-selling Prosecco in the United States for many years—and is now the best-selling sparkling wine in the United States as well. That success speaks for itself.

18.     Gallo has expended considerable effort and financial resources to market, advertise, and promote the Protected Trade Dress, which symbolizes tremendous goodwill. The consuming public easily recognizes the Protected Trade Dress and associates it with a single source.

**IV.     Defendants' Accused Packaging and the Likelihood of Consumer Confusion**

19.     In recent years—long after Gallo had registered the Protected Trade Dress and LA MARCA® Prosecco had become the best-selling Prosecco in the United States—Defendants began

to import, promote, sell, and distribute a competing product, LADY DIVA Prosecco, in the confusingly similar packaging shown at center on the first page of this complaint (the "Accused Packaging"). On information and belief, Classic Wines imports LADY DIVA Prosecco into the United States from Italy, and Three Sixty Five Wines markets, distributes and sells LADY DIVA Prosecco within the United States.

20.      Trade dress infringement is grounded in a likelihood of consumer confusion as to the source, sponsorship or affiliation of products that are sold under similar trade dress or packaging. In this case, by reason of similarities in the Protected Trade Dress and the Accused Packaging, consumers are led to believe, mistakenly, that the Prosecco in the Accused Packaging are made or put out by—or otherwise sponsored by or affiliated with—the company behind the Prosecco in the Protected Trade Dress, *i.e.*, Gallo.

21.      This Court weighs various factors to determine whether there is a likelihood of confusion, including but not limited to: (i) the strength of the trade dress; (ii) the similarity between the protected trade dress and the accused packaging; (iii) any overlap in the parties' marketing and sales channels; (iv) any overlap in the consumers; (v) the relationship of the goods in the minds of those consumers; (vi) the expected care of those consumers; (vii) any evidence of actual confusion; and (viii) the intent of the defendant. When the goods are directly competitive, as here, less similarity is required to show a likelihood of confusion. Doubt is resolved in favor of the senior user, but here there is no doubt. All factors point to a likelihood of confusion.

22.      Notably, in this case the Protected Trade Dress has become extremely strong through widespread use and promotion over time. LA MARCA® Prosecco—it bears repeating—has been the best-selling Prosecco in the United States for many years—and is now the best-selling

sparkling wine in the United States as well. Achieving that position required considerable effort and expense on Gallo's part.

23.     The Protected Trade Dress and the Accused Packaging are strikingly similar. For example, they both feature a sloping-shouldered green bottle that tapers toward the base, a silver cap-and-neck cover, and a light-blue square label on the front. With the LA MARCA® Prosecco in the Protected Trade Dress being the number 1 best-selling Prosecco in the country, these similarities obviously did not occur by coincidence.

24.     Moreover, it is worth emphasizing that the underlying products—LA MARCA® Prosecco and LADY DIVA Prosecco—compete directly in the marketplace. Both are Prosecco sparkling wines made primarily from Glera grapes and commonly enjoyed at celebratory occasions. Both are marketed and sold to the same consumers through the same channels at approximately the same retail price of around $15 per 750 milliliter bottle.

25.     The "purchaser care" factor in the likelihood of confusion analysis likewise favors Gallo. These are not the sort of extravagant Champagnes—at extravagant prices—which might invite careful scrutiny by a devoted connoisseur. Rather, these are value-oriented sparkling wines—at modest prices—which might tempt a busy shopper to make an impulse purchase. Accordingly, relevant consumers cannot be expected to exercise a high degree of care—or to make fine distinctions between highly similar packages—when purchasing these products.

26.     On information and belief, Defendants have intended to confuse consumers and to profit from the widespread recognition and substantial goodwill of LA MARCA® Prosecco.

**V.     Settlement Agreement with Classic Wines**

27.     On November 26, 2018, Gallo demanded via email through counsel that Classic Wines cease and desist from distributing the Accused Packaging (the "November 26, 2018 Gallo Email").

28.     On November 29, 2018, in exchange for Gallo not taking formal action and in deference to Gallo's rights and claims, Classic Wines promptly replied to the November 26, 2018 Gallo Email agreeing in writing to comply with Gallo's request by changing the Accused Packaging and selling off limited remaining stock (the "November 29, 2018 Classic Wines Email").

29.     On November 29, 2018, Gallo, through its counsel, replied via email accepting this resolution specifying that no additional formal correspondence was required (the "November 29, 2018 Gallo Email").

30.     The November 26, 2018 Gallo Email, the November 29, 2018 Classic Wines Email, and the November 29, 2018 Gallo Email collectively constitute a written, enforceable, and binding settlement agreement by and between Gallo and Classic Wines (the "Settlement Agreement").

31.     Subsequently, Classic Wines breached the Settlement Agreement, apparently at the urging of Three Sixty Five Wines, by continuing to import and distribute wine under the Accused Packaging.

32.     Since that time, the parties engaged in discussions regarding Classic Wines' breach and continued infringing conduct over the course of several years to no avail. Classic Wines continues to import and Three Sixty Five Wines continues to sell LADY DIVA Prosecco in the Accused Packaging willfully and defiantly in direct violation of Gallo's rights and the Settlement Agreement.

33.     Accordingly, Gallo is left with no choice but to bring this action to prevent consumer confusion and to protect the reputation and goodwill behind its LA MARCA® Prosecco and the Protected Trade Dress.

## COUNT I

**(Trade Dress Infringement Under 15 U.S.C. § 1114(1)—U.S. Registration No. 4,849,062)**

34.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

35.     Gallo is the owner of U.S. Registration No. 4,849,062, which is valid and subsisting, as well as incontestable under 15 U.S.C. § 1065. The trade dress shown therein is distinctive and not functional. Relevant consumers associate it with a single source.

36.     The United States Patent and Trademark Office issued U.S. Registration No. 4,849,062— and the trade dress shown therein had been used in commerce and had become distinctive—long before Defendants began to market, distribute, or sell Prosecco in the Accused Packaging.

37.     Defendants' marketing, distribution, and sale of Prosecco in the Accused Packaging creates a likelihood of confusion with the Protected Trade Dress and accordingly constitutes trade dress infringement under 15 U.S.C. § 1114(1).

38.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill of the Protected Trade Dress.

39.     As a result of Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

40.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging.

## COUNT II

### (Trade Dress Infringement Under 15 U.S.C. § 1114(1) —U.S. Registration No. 4,887,846)

41.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

42.     Gallo is the owner of U.S. Registration No. 4,887,846, which is valid and subsisting, as well as incontestable under 15 U.S.C. § 1065. The trade dress shown therein is distinctive and not functional. Relevant consumers associate it with a single source.

43.     The United States Patent and Trademark Office issued U.S. Registration No. 4,887,846— and the trade dress shown therein had been used in commerce and was distinctive—long before Defendants began to market, distribute, or sell Prosecco in the Accused Packaging.

44.     Defendants' marketing, distribution, and sale of Prosecco in the Accused Packaging creates a likelihood of consumer confusion and constitutes trade dress infringement under 15 U.S.C. § 1114(1).

45.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill of the Protected Trade Dress.

46.     As a result of Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging, Gallo has suffered and, unless Defendants' conduct is enjoined, will continue to suffer immediate and irreparable harm, including to its goodwill and reputation, for which there is no adequate remedy at law.

47.     Gallo is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117(a), together with prejudgment and post-judgment interest.

## COUNT III

### (Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

48.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

49.     Gallo is the owner of the Protected Trade Dress, which is distinctive and not functional. Relevant consumers associate it with a single source.

50.     Gallo has long used the Protected Trade Dress throughout the United States to market and sell LA MARCA® Prosecco.

51.     The Protected Trade Dress had been used in commerce and had become distinctive long before Defendants began to import, market, distribute, or sell Prosecco in the Accused Packaging.

52.     Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging creates a likelihood of confusion with the Protected Trade Dress and constitutes unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

53.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill of the Protected Trade Dress.

54.     As a result of Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging, Gallo has suffered and, unless Defendants' conduct is enjoined, will continue to suffer immediate and irreparable harm, including to its goodwill and reputation, for which there is no adequate remedy at law.

55.     Gallo is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117(a), together with prejudgment and post-judgment interest.

## COUNT IV

**(Unfair Competition and Trade Dress Infringement Under N.J. Stat. § 56:4-1 *et seq.*)**

56.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

57.     Gallo is the owner of the Protected Trade Dress, which is distinctive and not functional. Relevant consumers associate it with a single source.

58.     Gallo has long used the Protected Trade Dress throughout the United States, and within the State of New Jersey, to market and sell LA MARCA® Prosecco in the Protected Trade Dress.

59.     The Protected Trade Dress had been used in commerce and was distinctive long before Defendants began to import, market, distribute, or sell Prosecco in the Accused Packaging.

60.     Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging creates a likelihood of confusion with the Protected Trade Dress and is unfair competition and trade dress infringement under N.J. Stat. § 56:4-1 *et seq.*

61.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill of the Protected Trade Dress.

62.     As a result of Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging, Gallo has suffered and, unless Defendants' conduct is enjoined, will continue to suffer immediate and irreparable harm, including to its goodwill and reputation, for which there is no adequate remedy at law.

63.     Gallo is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

## COUNT V

**(Unfair Competition and Trade Dress Infringement Under Common Law)**

64.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

65.     Gallo is the owner of the Protected Trade Dress, which is distinctive and not functional. Relevant consumers associate it with a single source.

66.     Gallo has long used the Protected Trade Dress throughout the United States, and within the State of New Jersey, to market and sell LA MARCA® Prosecco.

67.     The Protected Trade Dress had been used in commerce and was distinctive long before Defendants began to import, market, distribute, or sell any Prosecco in the Accused Packaging.

68.     Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging creates a likelihood of confusion and is unfair competition and trade dress infringement under the common law of the State of New Jersey.

69.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Protected Trade Dress.

70.     As a result of Defendants' importation, marketing, distribution, and sale of Prosecco in the Accused Packaging, Gallo has suffered and, unless Defendants' conduct is enjoined, will continue to suffer immediate and irreparable harm, including to its goodwill and reputation, for which there is no adequate remedy at law.

71.     Gallo is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

## COUNT VI

### (Breach of Contract Against Classic Wines—In the Alternative)

72.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

73.     The Settlement Agreement is a valid and enforceable contract between Gallo and Classic Wines.

74.     Gallo has fully performed its obligations under the Settlement Agreement.

75.     Classic Wines has materially breached its obligations under the Settlement Agreement in that Defendant Classic Wines has failed and refused to cease importation and distribution of wine under the Accused Packaging.

76.     Gallo has been injured as a direct result of Classic Wines' conduct as set forth in detail herein.

77.     As a result of Classic Wines' importation, marketing, distribution, and sale of Prosecco under the Accused Packaging in direct violation of the Settlement Agreement, Gallo has suffered and, unless Defendants' conduct is enjoined, will continue to suffer immediate and irreparable harm, including to its goodwill and reputation, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff prays:

A.     That the Court enter judgment that:

1.     Each Defendant has infringed the trade dress depicted in Registration No. 4,849,062 under 15 U.S.C. § 1114(1);

2.     Each Defendant has infringed the trade dress depicted in Registration No. 4,887,846 under 15 U.S.C. § 1114(1);

3.     Each Defendant has engaged in unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

4.     Each Defendant has engaged in unfair competition and trade dress infringement under N.J. Stat. § 56:4-1 *et seq*.; and

5.     Each Defendant has engaged in unfair competition and trade dress infringement under the common law of the State of New Jersey.

B.      That the Court issue a permanent injunction restraining and enjoining each Defendant, and all of their agents, servants, officers, employees, successors, and assigns, and all other persons or entities in active concert or participation with them from:

      1.      Importing, shipping, packaging, marketing, advertising, distributing, offering for sale, or selling Prosecco or any other wine in the Accused Packaging and/or any colorable imitation thereof;

      2.      Using the Protected Trade Dress and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols, or designs, as trade dress, trademarks, packaging or otherwise to market, distribute, sell, or identify Prosecco or any other wine;

      3.      Otherwise infringing the Protected Trade Dress;

      4.      Unfairly competing with Plaintiff in any manner whatsoever or otherwise injuring its business reputation or goodwill in the manner described in this Complaint; and

      5.      Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (1) through (4) above.

C.      That the Court enter an order, pursuant to 15 U.S.C. §§ 1116 and 1118, requiring each Defendant, their agents, servants, officers, employees, successors, and assigns, to destroy all Accused Packaging or colorable imitations thereof and any advertising and promotional materials that depict or display the Accused Packaging that are in Defendants' possession, custody, or control;

D.      That the Court enter an order, pursuant to 15 U.S.C. § 1116, requiring each Defendant to file with the Court and serve upon Plaintiff within 30 days after the entry of the permanent

injunction a report, in writing and under oath, setting forth in detail the manner in which that Defendant has each complied with Paragraphs B and C above;

E.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, requiring each Defendant to provide an accounting of all revenues generated from its importation, marketing, distribution, and sale of Prosecco or any other wine in the Accused Packaging and colorable imitations thereof;

F.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, awarding all profits each Defendant received from the revenues of Prosecco or any other wine imported, marketed, distributed, or sold in the Accused Packaging and colorable imitations thereof, as well as all damages that Plaintiff has suffered as a result of Defendants' importation, marketing, distribution and sale of Prosecco or any other wine in the Accused Packaging and colorable imitations thereof, in each case enhanced and/or trebled by reason of the intentional, unlawful acts of each Defendant as set forth in this Complaint;

G.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, declaring that this is an "exceptional case" and awarding attorneys' fees and costs in favor of Plaintiff;

H.     That the Court enter an order, pursuant to N.J. Stat. § 56:4-2 *et seq.*, enjoining Defendants from their unfair acts;

I.     That the Court enter an order enjoining Defendants from infringing the Protected Trade Dress in violation of New Jersey law;

J.     That the Court enter an order requiring Defendant Classic Wines to specifically perform under the Settlement Agreement.

K.     That the Court enter an order awarding damages, attorneys' fees and costs to the fullest extent provided by applicable law;

L.    That the Court enter an order awarding Plaintiff pre-judgment and post-judgment interest; and

M.    That the Court enter such other relief as it deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 16, 2024                              Respectfully submitted,


GIORDANO, HALLERAN & CIESLA, P.C.

By: <u>Christopher J. Marino /s</u>
Christopher J. Marino
125 Half Mile Road, Suite 300
Red Bank, NJ 07701-6777
Tel.: 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
cmarino@ghclaw.com

HOLMES WEINBERG, PC.
Steven M. Weinberg
Michael J. Salvatore
30765 Pacific Coast Highway, Suite 411
Malibu, CA 90265
Tel.: 310-457-6100
smweinberg@holmesweinberg.com
msalvatore@holmesweinberg.com

*Attorneys for Plaintiff,*
*E. & J. Gallo Winery*

## <u>LOCAL CIV. R. 11.2 CERTIFICATION</u>

I certify that to the best of my present knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: January 16, 2024

Respectfully submitted,

GIORDANO, HALLERAN & CIESLA, P.C.

By: <u>Christopher J. Marino/s</u>
Christopher J. Marino
125 Half Mile Road, Suite 300
 Red Bank, NJ 07701-6777
Tel.: 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
cmarino@ghclaw.com

HOLMES WEINBERG, PC.
Steven M. Weinberg
smweinberg@holmesweinberg.com
Michael J. Salvatore
msalvatore@holmesweinberg.com
30765 Pacific Coast Highway, Suite 411
Malibu, CA 90265
Tel.: 310-457-6100

*Attorneys for Plaintiff,*
*E. & J. Gallo Winery*